IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

NANCY L. CROUSE,               )
                             )
       Plaintiff,           )   TC-MD 120713N
                             )
   v.                   )
                             )
COOS COUNTY ASSESSOR      )
and DEPARTMENT OF REVENUE,   )
State of Oregon,              )
                             )
       Defendants.     )   **DECISION OF DISMISSAL**

This matter is before the court on Defendant Department of Revenue's (department) Motion to Dismiss (Motion) on the ground that Plaintiff failed to appeal within the 90 days required by ORS 305.280(1).

A review of Plaintiff's materials shows the Notice of Property Tax Deferral Inactive Status (Notice) was mailed to Plaintiff on April 30, 2012. Plaintiff's Complaint was postmarked on August 8, 2012. That interval is longer than the 90 days required by ORS 305.280(1),[1] which states in pertinent part:

> "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."

Plaintiff filed a response to the department's Motion on October 12, 2012. Plaintiff acknowledged that she "did receive the letter from Dept Of Revenue asking for [her] papers," but was unsure of the date. (Ptf's Ltr at 1, Oct 12, 2012.) Plaintiff reported that she suffered a psychological trauma on June 8, 2012, that required "over [four] months" of "[p]rofessional counseling." (*Id.*) She explained: "Somewhere in the fog of this mental trauma I knew I must

---

[1] All references are to the Oregon Revised Statutes (ORS) for 2011.

take care of these papers, however, I did not see how I could accomplish that." (*Id.*) Plaintiff contacted "Coos Elderly Services" for assistance and

> "they said 'yes' we can help you, bring your papers in and we will assist you. I went in on 7-24-12, with the form copies and she interviewed me and read the papers and they wrote down all of my answers. When I left there that day I thought they were going to fill out all the forms for me with all my answers and would call me when done to sign the papers. I didn't hear from them again."

(Ptf's Ltr at 1-2, Oct 12, 2012.) Realizing that she had not received a telephone call from Coos Elderly Services, Plaintiff stated that she telephoned and then returned in person to the office. (*Id.* at 2.) Plaintiff stated that "[t]hey hadn't even filled out the forms yet" and she was told by "Kimberly" that they "kinda' dropped the ball on you, I guess we've been busy." (*Id.* (internal quotation marks omitted).) Plaintiff requests relief, concluding: "Against great odds I did the best I could do, It was just screwed up by somebody else." (*Id.*)

The department filed its reply to Plaintiff's response on October 24, 2012, stating: "If the only disputed issue was the lateness of the appeal, the department would be willing to drop our Motion to Dismiss and continue on with the appeal. However, in addition to the appeal being filed late there are a couple reasons why the deferral was inactivated[.]" The department reported that Plaintiffs' account was deactivated, first, because Plaintiff "has a reverse mortgage" and, second, because the "real market value" of Plaintiff's property "exceeds the allowable [real market value] for deferral."[2] (Def's Ltr, Oct 24, 2012.) As a result, the department "ask[s] the court to rule on the Motion to Dismiss[.]" (*Id.*)

---

[2] The department's stated reasons for requesting the court rule on its Motion are confusing and irrelevant. The court does not consider the merits of Plaintiff's appeal in determining whether the appeal was timely filed. Furthermore, the court notes that the legislature amended the deferral program in 2012 such that the 2011 amendment to ORS 311.700 (excluding properties subject to a reverse mortgage from the deferral program) shall not take effect until the 2013-14 tax year for properties "[t]hat had been granted deferral under ORS 311.666 to 311.701 at the time of the determination of ineligibility." Or Laws 2012, ch 13 § 7(1)(c). Thus, the fact that Plaintiff had a reverse mortgage during the 2011-12 tax year would not prevent Plaintiff's continued participation in the deferral program if she "had been granted deferral * * * at the time of the determination of ineligibility."

Tax Court Rule-Magistrate Division (TCR-MD) 4 A states, in part, that "[t]he defendant shall respond to the complaint by answer or motion within 30 days from the date the complaint was served on the defendant." "A statement that plaintiff failed to timely file an appeal must be made in defendant's first filed pleading, *e.g.* Motion to Dismiss or Answer." TCR-MD 4 B. The department's Motion was timely filed in response to Plaintiff's Complaint. Thus, the Motion is properly before the court and is now ready for the court's determination.

As discussed above, ORS 305.280(1) established a deadline of 90 days for Plaintiff to file her appeal after the department's determination became "actually known" to her. The department's notice was dated April 30, 2012, and Plaintiff admits that she received that notice. There is no evidence suggesting that the department's notice became "actually known" to Plaintiff on a later date. Plaintiff described a series of unfortunate events that caused her to file her appeal after the 90 days allowed under ORS 305.280(1). Although the court is sympathetic to Plaintiff's explanation for her failure to timely file, the court is not aware of any circumstances that extend the statutory limit of 90 days under ORS 305.280(1). As a result, the department's Motion must be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that the department's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed.

Dated this ___ day of November 2012.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within __60__ days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on November 8, 2012.  The Court filed and entered this document on November 8, 2012.*